STEPHEN J. ERIGERO (SBN 11562)
TIMOTHY J. LEPORE (SBN 13908)
LAEL D. ANDARA (California SBN 215416)
MARIE E. SOBIESKI (California SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone:     (702) 954-8300
Facsimile:     (650) 780-1701
Email:         stephen.erigero@rmkb.com
               timothy.lepore@rmkb.com
               lael.andara@rmkb.com
               marie.sobieski@rmkb.com

Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD
TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUALIA, LLC, a California limited liability company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KUSHGO LLC dba HALO BOARD, a California limited liability company; HALO BOARD LLC, an Oregon limited liability company; ARTHUR ANDREASYAN, an individual; and SHENZHEN WINDGOO INTELLIGENT TECHNOLOGY CO. LTD., a foreign company,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) PATENT INFRINGEMENT UNDER 35 U.S.C. §271; and**<br><br>**(2) UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER 15 U.S.C. §45.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Out of state counsel will comply with LR IA 11-2 within 45 days] |

Plaintiffs EQUALIA, LLC, a California limited liability company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California corporation (collectively known as "Equalia"), as and for their complaint against Defendants KUSHGO LLC dba HALO BOARD, a California limited liability company ("Kushgo"), HALO BOARD, LLC, an Oregon limited liability

-1-     COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR AND DECEPTIVE TRADE PRACTICES

company, ARTHUR ANDREASYN, an individual (collectively "HaloBoard"), and SHENZHEN WINDGOO INTELLIGENT TECHNOLOGY CO. LTD. ("Windgoo"), a foreign company, and allege as follows:

## I. INTRODUCTION

1. The Court has jurisdiction over this action because it is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.* Equalia owns exclusive rights in the ornamental design claimed in United States Design Patent No. D768,252, titled PITCH-PROPELLED VEHICLE ("Equalia Patent"). A true and correct copy of the Equalia Patent is attached hereto as **Exhibit A**.

2. Equalia also owns exclusive rights in the utility patent described in United States Patent No. 9,211,470, titled PITCH-PROPELLED VEHICLE. A true and correct copy of the '470 patent is attached hereto as **Exhibit B**.

3. Defendants have used and continue to use the claimed design of the Equalia Patent without Equalia's permission, on products that Defendants make, use, offer for sale, sell, and/or import into the United States.

4. Equalia seeks, among other relief, an injunction preventing Defendants from further infringing the Equalia Patent, and damages and/or a disgorgement of Defendants' profits from their patent infringement.

## II. PARTIES

5. Equalia, LLC is a California limited liability company in the automation, electric vehicle, and control system consumer marketplace. Equalia, LLC's principal place of business is located at 380 Logue Avenue, Mountain View, California 94043.

6. Hoverboard Technologies Corporation is a California corporation in the business of developing, marketing, and selling personal transportation vehicles. Hoverboard Technologies Company's principal place of business is located at 380 Logue Avenue, Mountain View, CA 94043.

7. Hereinafter, Equalia, LLC and Hoverboard Technologies Corporation shall be

referred to collectively as "Equalia" and all such references shall include Equalia, LLC and Hoverboard Technologies Corporation.

8.  Upon information and belief, Kushgo LLC is a California limited liability company having an address at 3940 Laurel Canyon Boulevard #376, Studio City, California 91604. Kushgo LLC has also been known to do business as "Halo Board" and "SegAway Hoverboard". Kushgo LLC shall be referred to hereafter as "Kushgo."

9.  Upon information and belief, Halo Board LLC is a business holding itself out as an Oregon limited liability company having an address of 4755 SW Griffith Drive, Beaverton, Oregon 97005. On information and belief, Halo Board LLC is not registered with the Oregon Secretary of State.

10.  Upon information and belief, Arthur Andreasyan is an individual holding himself out as the Chief Executive Office of Halo Board LLC having an address at 3940 Laurel Canyon Boulevard, Studio City, California 91604.

11.  Hereafter, Halo Board LLC and Arthur Andreasyan shall be referred to collectively as "Halo Board" and all such references shall include Halo Board LLC and Arthur Andreasyan collectively.

12.  Upon information and belief, Shenzhen Windgoo Intelligent Technology Co. Ltd. is a foreign company having an address at 216 Zone 1, Building B, Mingyou Industrial Products Displaying & Purchasing Center, Bao'an, Shenzhen, People's Republic of China and 5th Floor, Building 7, Changfeng Industrial Park, Donkeng Village, Guangming New Area, Shenzhen, People's Republic of China. Shenzhen Windgoo Intelligent Technology Co. Ltd. shall be referred to hereafter as "Windgoo." Upon information and belief, Windgoo also maintains a United States warehouse at 1933 W. 11th St., Suite 5, Upland CA 91786.

13.  Hereafter, Kushgo, Halo Board, and Windgoo shall be referred to collectively as "Defendants."

### III.   JURISDICTION AND VENUE

14.  This is a civil action for patent infringement arising under the patent laws of the

United States, Title 35, United States Code §§1 *et seq.*, including 35 U.S.C. §271.

15. This Court has original jurisdiction over the subject matter of this action under at least 28 U.S. C. §1331 (federal question); 28 U.S.C. §1338 (a) (action arising under the Patent Act); 28 U.S.C. §1338(b) (unfair competition joined with claims under the Patent Act); and 28 U.S.C. §1367 (supplemental jurisdiction).

16. This Court has personal jurisdiction over this matter because Defendants, for one or more of the following reasons:

   a. The exercise of personal jurisdiction over Defendants by this Court is consistent with the Federal Due Process Clause, Defendants having established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice;

   b. Defendants have done and continue to do business in the State of Nevada and with one or more residents of the State of Nevada, including this District;

   c. Defendants direct into the State of Nevada, including this District, commerce, goods, and advertising including by electronic and other means;

   d. Defendants have entered into contracts with one or more residents of the State of Nevada to supply products within the State of Nevada, including in this District;

   e. Defendants have offered, and continue to offer, products constituting patent infringement and products that constitute unfair and deceptive trade practices relating to this complaint in the State of Nevada, including this District; and

   f. Defendants have committed tortious injury to Equalia and to Equalia's business operations within that State of Nevada, including this District.

17. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendants do, and have done, substantial business in this judicial District, including: (i) regularly doing business or soliciting business by virtue of Defendants' nationwide sales and offers to sell through its website; and (ii) engaging in other persistent courses of conduct, including trade shows, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR AND DECEPTIVE TRADE PRACTICES

18. This Court's exercise of personal jurisdiction over Defendants is consistent with the Constitution of the United States and the State of Nevada.

19. Venue is proper in this jurisdictional district under 28 U.S.C. §§1391 and 1400 at least because Defendants reside in this district by transacting and soliciting business in this district, including with respect to products that infringe the Equalia Patent, and committing acts of patent infringement in this district by selling and offering for sale products that infringe on the Equalia Patent.

## IV.
## FACTUAL BACKGROUND

### A. The Equalia Patent

20. Equalia is an innovator in the field of single-wheeled electric personal mobility devices. Equalia designs, develops, and markets for sale single-wheeled electric mobility devices, including devices known as "hoverboards." Equalia's hoverboards provide unique and distinctive qualities to riders, as well as high quality engineering and construction.

21. Equalia is in the process of launching a hoverboard product which consists of a board with one centered electrically-powered wheel for locomotion for a single rider. This hoverboard was first promoted through the crowdfunding site Kickstarter for approximately one month, lasting from September 17, 2015 to October 21, 2015. The Kickstarter page is located at https://www.kickstarter.com/projects/552747221/hoverboard-the-next-evolution-in-personal-electric/. Equalia further promotes this hoverboard through its website at http://www.hoverboard.com, in the media, and at trade shows, including the Computer Electronics Show held annually in Las Vegas, Nevada.

22. Equalia's hoverboard is anticipated to retail for $4,375 when made available for sale in 2017. A low-cost version will be available in early 2017 to retail between $995 and $1,195.

23. Equalia has taken steps to protect its innovative technology and designs, including its hoverboard-related designs. In particular, Equalia owns various United States patents, including design patents relating to its hoverboard designs.

24. On October 4, 2016, the Equalia Patent, United States Design Patent No. D768,252, titled PITCH-PROPELLED VEHICLE, was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The Equalia Patent has remained in force since that time and continues to be in force. *See Exhibit A*. The Equalia Patent gives Equalia the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States, and from importing the invention claimed in the patent into the United States.

25. The Equalia Patent covers an ornamental design for a single-wheeled electric personal mobility device.

26. Equalia owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the Equalia Patent from the date the patent duly and legally issued to Equalia.

27. Equalia has extensively promoted, advertised, and used products embodying the Equalia Patent design throughout the United States, including, but not limited to, brochures, trade show displays and materials, signage, and online to distinguish Equalia's products from those offered by others.

28. Although Equalia's hoverboard embodying the Equalia Patent has not been sold on the open market, it has garnered significant discussions and press which has created value in the design of the product. Equalia previously displayed its hoverboard to the public at large at the 2016 Computer Electronics Show ("CES") in Las Vegas, Nevada, from January 6-9, 2016, and through numerous television and trade show appearances. For example, the Equalia hoverboard has been featured on General Electric's *Projects Garage*, as well as the nationwide morning program *Live Kelly & Michael Show*. Equalia has also given demos of its hoverboard, including at the CDX Global Forum in 2016. A true and correct copy of the YouTube pages hosting these videos is attached hereto as **Exhibit C**.

29. The Equalia Patent is presumed to be valid.

**B.    Defendants' Infringing Activity**

30. On information and belief, without Equalia's authorization, Defendants have made,

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR AND DECEPTIVE TRADE PRACTICES

used, offered for sale, sold, and/or imported into the United States products having designs that violate the Equalia Patent (hereafter, the "Infringing Products"). The Infringing Products include at least products identified by the model name "Halo Board" as well as Defendants' products bearing the same or substantially similar infringing designs, regardless of the model name. Publically available materials advertising the Infringing Products are attached hereto as **Exhibit D.**

31. On information and belief, the overall appearance of the design of the Equalia Patent and corresponding designs of the Defendants Infringing Products are substantially the same.

32. On information and belief, an ordinary observer will perceive the overall appearance of the designs of the Equalia Patent and the corresponding design of Defendants' Infringing Products to be substantially the same. Defendants' products have been characterized as "knock-offs" of Equalia's products.

33. On information and belief, Kushgo filed a trademark application with the USPTO for the mark "HALO BOARD", serial no. 87017860, on April 28, 2016. In that application, Kushgo states that it has been using the mark for sale of its product, depicted in the specimen, since at least April 25, 2016. The product depicted in the specimen has an overall appearance nearly identical to the Equalia Patent design. A true and correct copy of the trademark application, including the specimen, is attached hereto as **Exhibit E**. Halo Board is the current assignee of the HALO BOARD trademark application.

///
///
///
///
///
///
///
///

Specimen included with the "HALO BOARD" trademark (*see id*, pg. 7):



Equalia's hoverboard embodying the Equalia Patent:



34. Windgoo openly admits that they have copied the Equalia products which embody the Equalia Patent. Attached hereto as **Exhibit F** is a true and correct copy of correspondence from Wingdoo in which it acknowledges copying. Upon information and belief, Windgoo's business model is based on copying patented technology and selling it through retailers and wholesalers and retailers in the United States and abroad.

35. On information and belief, Defendants are affiliated with numerous additional companies which assist with manufacturing and/or selling and distribution of the Infringing Products in the United State and abroad. These companies advertise products identical or nearly-identical to the Infringing Products, indicating that they are made with the same base design and parts from the same molds. Attached hereto as **Exhibit G** is a true and correct copy of advertisements of a third-party Infringing Product, including a picture of the Equalia board embodying the Equalia Patent at the upper left. Upon information and belief, these companies are partners or have purchase or supply relationships with Kushgo, Halo Board, and/or Windgoo, or were former iterations of the Kushgo, Halo Board, and/or Windgoo entities.

36. The design of the Infringing Products is so similar to the subject matter of the

-8-

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR AND DECEPTIVE TRADE PRACTICES

Equalia Patent that customers are likely to be deceived and persuaded to purchase the Infringing Products thinking they are actually buying products protected by the Equalia Patent.

37. Table 1 below illustrates Defendants' infringement by comparing figures from the Equalia Patent with exemplary images of the Infringing Products. On information and belief, Defendants' Infringing Products are identical, and therefore their depictures are used interchangeably.

**Table 1.** Comparison of Equalia Patent and Infringing Product

| **Equalia Patent** (US Design Patent D768,252) | **Infringing Products** |
|---|---|
| Fig. 3 | |
| Fig. 4 | |
| Fig. 5 | |

///

-9- COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR AND DECEPTIVE TRADE PRACTICES

38. The Infringing Products share the following elements of the Equalia Patent:

   i) Oblong shaped board with upwardly-tipped ends;

   ii) Single wheel elements in center of board;

   iii) Rounded board ends;

   iv) Lighting strip along perimeter edge;

   v) Dark, arched-shaped display on top-front of board;

   vi) Gripping sticker at top of board with decorative crossing-lines pattern;

   vii) Speakers on each end of board at same location with decorative colored outline;

   viii) Road-lighting feature mounted between speakers to light roadway;

   ix) Triangular skid-plates on each corner;

   x) Decorative circular features on skid-plates;

   xi) Rubber scrapers/bumpers on each side of wheel on top of board;

   xii) Protective dome over wheel on top of board;

   xiii) Raised decorative features on sides of centered wheel dome;

   xiv) Decorative and functional screw holes around perimeter of board;

   xv) Decorative double heavy-chamfered edges around board for thinner appearance;

   xvi) Decorative chamfer angle which tracks the centered side edge stripe.

39. Comparison of Equalia's hoverboard and the Infringing Products demonstrates the infringed design elements of the Equalia Patent. Attached hereto as **Exhibit H** is a comparison of the Equalia hoverboard and an example of Defendants' Infringing Product.

40. On information and belief, Defendants intended to copy the design covered by the Equalia Patent.

41. On information and belief, Defendants had pre-suit knowledge of the Equalia Patent at least because Equalia's marketing of its products embodying the claims of the Equalia Patent. Commensurate with this filing, Equalia mailed Defendants courtesy copies of this Complaint and the Equalia Patent. Thus, Defendants had knowledge of the Equalia Patent at least

since the filing of this Complaint.

42. On information and belief, Kushgo and/or Halo Board sells and offers to sell its products, including the Infringing Products, directly to end-user customers through its website, as well as to third-party resellers through its wholesale distribution channel. For example, the website located at www.haloboard.com offers Infringing Products for sale (see *Exhibit D*, pg. 8), and accepts sign-ups from wholesale and retail distributers (*see Exhibit H*). Attached hereto as **Exhibit I** is a true and correct copy of the dealer signup form available on the www.haloboard.com website.

43. On information and belief, Windgoo sells and offers to sell its products, including the Infringing Products, to distributers and wholesalers through its website, as well as through direct marketing. For example, an email received from Daisy Ding of Windgoo's International Sales department, Ms. Ding states that Windgoo has "start[ed] to produce your style hoverboard" and "we have a warehouse in LA, this products will also provide there." Windgoo openly solicits sales of Infringing Products via direct email marketing. *See Exhibit F*, pg. 3. Windgoo makes no attempt to hide the fact that it is copying products directly, and readily provided pictures of the Infringing Products in an effort to market them to Equalia. *Id*. The emails from Windgoo also indicate that the company has started to produce the Infringing Products and provides that these Infringing Products are already available in the United States. *Id.* at pg. 4.

44. On information and belief, Kushgo and/or Halo Board sell and offer to sell Infringing Products directly to end-user customers in the United States, including Nevada. Third-party resellers also sell and offer to sell the Infringing Products in the United States, including Nevada.

45. On information and belief, Windgoo sells and offers to sell Infringing Products to distributers and wholesalers in the United States, including Nevada.

46. On information and belief, Defendants have infringed and continue to infringe the Equalia Patent within the meaning of 35 U.S.C. §271 at least by making, using, selling, offering to sell, and/or importing the Infringing Products into the United States without Equalia's authorization.

47. On information and belief, Defendants intend to exhibit and offer for sale the Infringing Products at CES 2017 to be held January 5-8, 2017 in Las Vegas, Nevada. Attached hereto as **Exhibit J** is a true and correct copy of advertising released by Kushgo and/or Halo Board in advance of CES.

**FIRST CLAIM FOR RELIEF**

**(Infringement under 35 U.S.C. §271 of the Equalia Patent against All Defendants)**

48. Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs as through fully set forth herein.

49. Defendants have infringed, and continue to infringe, the Equalia Patent. Defendants, without authorization from Equalia, have made, used, offered for sale, sold, and/or incorporated in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, products having designs which are substantially the same as the ornamental design of the Equalia Patent and that infringe the Equalia Patent.

50. Defendants' actions constitute infringement of the Equalia Patent in violation of 35 U.S.C. §271.

51. Defendants' infringement of Equalia's rights under the Equalia Patent has and will continue to damage Equalia's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

52. Defendants have willfully infringed the Equalia Patent, entitling Equalia to increased damages under 35 U.S.C. §284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

53. Alternatively, Equalia is entitled to recover Defendants' total profits from their sale of the Infringing Products under 35 U.S.C. §289.

**SECOND CLAIM FOR RELIEF**

**(Unfair and Deceptive Trade Practices under 15 U.S.C. §45 against All Defendants)**

54. Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs as through fully set forth herein.

55. Since the Equalia Patent was issued by the USPTO, it has continuously been the

1  property of Equalia.

2  56. Plaintiffs allege, on information and belief that Defendants have been making, using, and/or selling or offering for sale products embodying the Equalia Patent in the United States, and have consequently been engaged in unfair and deceptive trade practices and unfair competition against Plaintiffs to Plaintiff's irreparable damage.

57. Defendants' actions constitute unfair and deceptive trade practices against Equalia in violation of 15 U.S.C. §45.

58. Defendants' unfair and deceptive trade practices utilizing the Equalia Patent has and will continue to damage Equalia's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

**REQUEST FOR RELIEF**

Wherefore, Plaintiffs Equalia, LLC and Hoverboard Technologies Corporation request that this Court grant the following relief:

1. A judgment that Defendants infringe the Equalia Patent;

2. A preliminary and permanent injunction enjoining Defendants, and all persons acting in concert with Defendants, from infringing the Equalia Patent, including but not limited to making, using, selling, offering for sale, and importing the Infringing Products;

3. A judgment and order requiring Defendants to pay Equalia a reasonable royalty for infringement of the Equalia Patent pursuant to 35 U.S.C. §284, or the total profit made by Defendants from their infringement of the Equalia Patent pursuant to 35 U.S.C. §289;

4. A judgment and order requiring Defendants to pay Equalia supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

5. A judgment and order requiring Defendants to pay Equalia increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. §284;

6. A judgment and order requiring Defendants to pay Equalia pre-judgment and post-judgment interest on any damages or profits awarded;

7. A determination that this action is an exceptional case pursuant to 35 U.S.C. §285;

8. An award of Equalia's attorneys' fees for bringing and prosecuting this action;

9. An aware of Equalia's costs and expenses incurred in bringing and prosecuting this action; and

10. Such further and additional relief as this Court and/or a jury deems just and proper.

Dated: December 9, 2016                    ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Timothy J. Lepore*
    STEPHEN J. ERIGERO
    TIMOTHY J. LEPORE
    LAEL D. ANDARA
    MARIE E. SOBIESKI
    Attorneys for Plaintiffs
    EQUALIA, LLC and HOVERBOARD
    TECHNOLOGIES CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: December 9, 2016                    ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Timothy J. Lepore*
    STEPHEN J. ERIGERO
    TIMOTHY J. LEPORE
    LAEL D. ANDARA
    MARIE E. SOBIESKI
    Attorneys for Plaintiffs
    EQUALIA, LLC and HOVERBOARD
    TECHNOLOGIES CORPORATION