STEPHEN J. ERIGERO (SBN 11562)
TIMOTHY J. LEPORE (SBN 13908)
LAEL D. ANDARA (California SBN 215416)
MARIE E. SOBIESKI (California SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone:  (702) 954-8300
Facsimile:  (650) 780-1701
Email:  stephen.erigero@rmkb.com
         timothy.lepore@rmkb.com
         lael.andara@rmkb.com
         marie.sobieski@rmkb.com

Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD
TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUALIA, LLC, a California limited liability company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KUSHGO LLC dba HALO BOARD, a California limited liability company; HALO BOARD LLC, an Oregon limited liability company; ARTHUR ANDREASYAN, an individual; and SHENZHEN WINDGOO INTELLIGENT TECHNOLOGY CO. LTD., a foreign company,<br><br>Defendants. | CASE NO. 2:16-cv-02851-RFB-CWH<br><br>**DECLARATION OF LAEL D. ANDARA IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, AND PRELIMINARY INJUNCTION** |

I, Lael D. Andara, hereby declare as follows:

1. I am a partner in the law firm of Ropers Majeski Kohn & Bentley, counsel for Equalia LLC and Hoverboard Technologies Corporation (collectively, "Equalia") in this action. I

1 am a member in good standing of the California State Bar, New York State Bar, the District of
2 Columbia, and this Court. I have personal knowledge of the facts stated here and am familiar with
3 the documents referred to below.

4     2.     If called as a witness, I would competently testify to the following facts, all of
5 which are within my own personal knowledge.

**EVIDENCE OF DIRECT COPYING**

7     3.     On **April 28, 2016**, Kushgo filed a trademark application for the word mark
8 HALO BOARD, serial number 87017860. A true and correct copy of this trademark application
9 is attached hereto as **Exhibit A**. The application was subsequently assigned to Halo Board, which
10 provided its address in Beaverton, Oregon. *See* Exhibit A, pg. 7. The specimen Kushgo submitted
11 in connection with its trademark application shows a hoverboard (Fig. 1) identical to Equalia's
12 Product (Fig. 2).
13 *See* Exhibit A, pg.
14 6. From my
15 review of the
16 www.hoverboard.
17 com website, I
18 recall that the
19 design was
20 publically
21 advertised from
22 approximately
23 September 2015
24 to present.



**Kushgo Trademark Specimen** - April 28, 2016

**Fig. 1**

25 / / /
26 / / /

- 2 -

DECLARATION OF LAEL D. ANDARA IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE, AND PRELIMINARY INJUNCTION

**SERVICE OF DEFENDANT**

4. My office has gone to great lengths to serve each of the Defendants with the Complaint and Summons since filing, but each of the Defendants have proven difficult to locate and serve. I believe this because they have no true consumer facing locations in the United States. This is easily verified by a review of the website: https://www.haloboard.com/.

5. Defendant Halo Board professes to be an Oregon limited liability company, as declared to the USPTO through its trademark assignment filing. *See* **Exhibit A**, pg. 7. However, Halo Board does not appear to be registered with the Oregon Secretary of State. The address used for the trademark application assignment appears to be a police station. The website at www.haloboard.com includes an "About Us" page which extols the company's virtues, stating that it is "headquartered in Los Angeles" and has "a global workforce of over 500." Our further efforts to locate a valid address or agent for service of process for Halo Board have been unsuccessful.

6. Upon information and belief, Defendant Windgoo is a foreign company based in the People's Republic of China ("PRC"). Service of process on a corporation in the PRF must be made through the Hague Convention, which requires the intervention of both United States and Chinese state agencies. This process typically takes many months, if it is effective at all. Though Equalia is in process of attempting to serve Windgoo through the Hague Convention, service has not yet been effectuated.

7. My office has also attempted to effectuate service on Windgoo at the Upland, California address it provided in correspondence with Robert Bigler, but was unsuccessful. We subsequently located an alternate warehouse address in City of Industry, California, but when the server arrived he was informed that the company that operated the facility was not Defendant Shenzhen Windgoo Intelligent Technology Co. Ltd., but Shenzhen FSX International Intelligent Technology Co., Ltd. That company representative refused service.

8. All evidence we have seen in attempting to serve the defendants evidences that

- 3 -

DECLARATION OF LAEL D. ANDARA IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE, AND PRELIMINARY INJUNCTION

neither Kushgo nor Halo Board maintains a physical presence in the United States.

9. I have read the email from Chinese manufacturer Windgoo to Robert Bigler that it maintains a warehouse in Upland, California, which is less than fifty miles from Kushgo's listed Studio City address. The hoverboards that Windgoo manufactures and sells through its warehouse are identical to those marketed and sold by Kushgo and Halo Board. Given the information revealed in attempting to serve these Defendants, the evidence indicates that these entities are one and the same.

10. The address provided by Kushgo in papers it filed with its July 8, 2016 Complaint in *Kushgo v. Segway*, the Arizona District Court case no. 2:16-cv-02249, lead to a post-office box in Studio City, California.

11. Kushgo's filings in the Arizona District Court case also include an exhibit showing that Defendant Arthur Andreasyan is the contact for Kushgo's domain registrations. A true and correct copy of this exhibit is attached hereto as **Exhibit B**. However, Mr. Andreasyan lists himself as the Chief Executive Office of Halo Board on his LinkedIn page. A true and correct copy of Mr. Andreasyan's LinkedIn profile is attached hereto as **Exhibit C**. Our efforts to locate and serve Mr. Andreasyan have not been successful.

12. On **December 15, 2016**, Equalia was finally able to serve Kushgo LLC through the agent for service of process listed on the California Secretary of State, although not at the address it had listed. Evidence of service is attached hereto as **Exhibit D**.

13. On **December 21, 2016**, I contact the attorney listed on the pleading in the case referenced above. I was informed by counsel Maria Crimi Speth of Jaburg & Wilk that Michael Dvoren represented Halo Board and I would need to contact him, but he was on vacation.

14. On **December 22, 2016**, I received an email from Steven Rinehart stating: "It appears at this time my office will be handling the defense in Case No. 2:16-cv-2851 in Nevada. I wanted to introduce myself and make sure you had my contact information. Are you seeking an acceptance of service?" Mr. Rinehart also left a voicemail with local counsel in Nevada, but in

- 4 -

DECLARATION OF LAEL D. ANDARA IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE, AND PRELIMINARY INJUNCTION

neither that voicemail nor his email did Mr. Reinhart identify which of the four defendants he might represent. I responded promptly to Mr. Rinehart's email and requested that information, so that I could determine if he represented a client who needed to be served.

15. Mr. Reinhart responded on **December 27, 2016**. My associate, Marie E. Sobieski, spoke him by telephone the same day. She informed me that Mr. Reinhart would represent Defendants Kushgo LLC, Halo Board LLC, and Arthur Andreasyan, and agreed to accept serve on behalf of the unserved Defendants Halo Board LLC and Arthur Andreasyan. It is my further understanding and belief that Ms. Sobieski informed Mr. Reinhart that we would move for a temporary restraining order if his clients would not stipulate to withhold showing the infringing products at the upcoming CES. Ms. Sobieski subsequently provided Mr. Andreasyan with a full copy of the Complaint and Summons, as well as a waiver of service for his execution for Halo Board LLC and Arthur Andreasyan, by email.

16. On **December 28, 2016**, Mr. Reinhart informed my office by email that his clients would not agree to the requested stipulation, and I directed my office to file the present emergency motion.

17. Upon the filing of this motion, my office will promptly email Mr. Rinehart a copy of the papers filed herewith.

18. Upon the filing of this motion, my office will promptly email Defendant Windgoo at its two known email addresses with a copy of the papers filled herewith.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 28, 2016, in Seattle, Washington.

   /s/ Lael D. Andara   
LAEL D. ANDARA

- 5 -

DECLARATION OF LAEL D. ANDARA IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE, AND PRELIMINARY INJUNCTION