STEPHEN J. ERIGERO (SBN 11562)
TIMOTHY J. LEPORE (SBN 13908)
LAEL D. ANDARA (California SBN 215416)
MARIE E. SOBIESKI (California SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone:    (702) 954-8300
Facsimile:    (650) 780-1701
Email:        stephen.erigero@rmkb.com
              timothy.lepore@rmkb.com
              lael.andara@rmkb.com
              marie.sobieski@rmkb.com

Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD
TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUALIA, LLC, a California limited liability company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KUSHGO LLC dba HALO BOARD, a California limited liability company; HALO BOARD LLC, an Oregon limited liability company; ARTHUR ANDREASYAN, an individual; and SHENZHEN WINDGOO INTELLIGENT TECHNOLOGY CO. LTD., a foreign company,<br><br>Defendants. | CASE NO. 2:16-cv-02851-RFB-CWH<br><br>**[PROPOSED]**<br><br>**STIPULATED ELECTRONICALLY STORED INFORMATION PRODUCTION ORDER** |

Plaintiffs EQUALIA, LLC and HOVERBOARD TECHNOLOGIES CORPORATION, and Defendants KUSHGO LLC dba HALO BOARD and ARTHUR ANDREASYAN, through their undersigned counsel, hereby stipulate and agree, subject to Court approval, to the following terms governing discovery of electronically stored information ("ESI") in this case:

**1.  PURPOSE**

This Stipulated Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's LR 1-1, and any other applicable orders and rules. The parties desire to control and focus the production of ESI to the needs of the case to promote a "just, speedy, and inexpensive determination" of this action, as required by Fed. R. Civ. Proc. 1.

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include all metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

**2.  COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter. A party's meaningful compliance with this stipulation and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**3.  PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) The parties have agreed to exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "expert," and "marketing manager." The parties shall add or remove custodians as reasonably necessary; and

b) The parties have agreed that the number of custodians per party for whom ESI will be preserved will be five per party.

**4.  SEARCH TERMS**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about appropriate search terms to search ESI in order to

identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 5. PRODUCTION FORMATS

The parties agree pursuant to Fed. R. Civ. P. 34 (b)(2)(E)(i) that the presumption is that data will be produced in native format (i.e., the same form it is used or kept in the normal course of business), and pursuant to Fed. R. Civ. P. 1 to use commercially reasonable efforts to produce the information electronically consistent with Fed. R. Civ. P. 1. The parties further agree that emails, spreadsheets, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues as may arise with respect to obtaining access to any such software or operating manuals.

ESI not produced in native format and amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by load files. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. ESI produced in this manner will be accompanied by load files with searchable text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text) and shall include:

- Unitization (including the production number of the first and last page of each file);
- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);
- Confidentiality (including any designation pursuant to the Protective Order);
- Source information (the identity of the custodian, or, if none, a generalized location); and
- System metadata will be maintained and provided with the native files. The following information will not be removed or scrubbed from the produced files: including author, file size, file type, date created, date modified, title, sender ("from"), primary

recipient ("to"), courtesy copy ("cc"), blind courtesy copy ("bcc"), subject, sent time/date, received time/date, last modification time, and read status.

Paper documents amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by load files. Paper documents may be produced in black-and-white or color, but if a producing party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. Paper documents produced in this manner will be accompanied by load files with searchable text. If a party desires additional information about a particular paper document produced in this form the parties will meet and confer regarding the appropriate means to supply the additional information.

If a party identifies responsive documents or information in a form that cannot reasonably be produced in its native format or imaged, that party shall inform the requesting party of the existence of such records. The parties shall then meet and confer regarding the appropriate means for producing or permitting inspection of such records.

If a party learns of responsive documents or information that are not reasonably accessible, or if a party learns facts that cause the party to suspect that responsive documents or information are present in a location or form that is not reasonably accessible, that party shall inform the requesting party of the existence of such records or of the reasons for its suspicions that such records may exist. The parties shall then meet and confer regarding the appropriateness of producing or permitting inspection of such records, and of any appropriate cost sharing. The parties agree not to degrade the searchability of documents as part of the document production process.

**6.     DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass

production is not itself a waiver in this case or in any other federal or state proceeding. The parties agree that privileged and/or work-product-protected communication to or from trial counsel post-dating the filing of the Complaint need not be placed on a privilege log.

### 7. MODIFICATION

This Stipulated Order may be modified by a Stipulated Request of the parties, subject to Court approval, or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 9, 2017                ROPERS, MAJESKI, KOHN & BENTLEY


By: */s/ Lael D. Andara*
STEPHEN J. ERIGERO
TIMOTHY J. LEPORE
LAEL D. ANDARA
MARIE E. SOBIESKI
Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD
TECHNOLOGIES CORPORATION

Dated: February 9, 2017

By: */s/ Steven Rinehart*
STEVEN RINEHART
PHILLIP RINEHART
Attorneys for Defendants
KUSHGO LLC, ARTHUR
ANDREASYAN, and
HALO BOARD LLC

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Parties' Stipulated Request for an Order Governing Discovery of Electronically Stored Information is adopted.

Dated:  February 13 , 2017

_____
RICHARD F. BOUWLARE, II
United States District Judge