UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EQUALIA, LLC and HOVBERBOARD TECHNOLOGIES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KUSHGO LLC, et al.,<br><br>Defendants. | Case No. 2:16-cv-02851-RFB-CWH<br><br>**ORDER**<br><br>Defendants' Motion to Stay<br>(ECF No. 54) |

### I.  INTRODUCTION

Before the Court is Defendants Motion to Stay (ECF Nos. 54). The Court has reviewed the parties' papers and heard oral argument.  For the reasons stated below, the Court denies the Motion.

### II.  BACKGROUND

Plaintiffs Equalia, LLC, and Hoverboard Technologies Corporation filed a Complaint on Dec. 9, 2016. ECF No. 1. Plaintiffs filed an Emergency Motion for TRO and Preliminary Injunction on Dec. 28, 2016. ECF No 10. At the hearing on January 4, 2017, the Court granted the TRO as to the CES trade show only. ECF No. 37. Plaintiffs filed a Motion for a Preliminary Injunction on January 10, 2017. ECF No. 42. The Court filed its written order granting the TRO on January 11, 2017. ECF No. 43. The Court held a hearing on the Motions for a Preliminary Injunction, ECF Nos. 10, 42, on January 13, 2017. EF No. 51. On January 20, 2017, the Court issued a nationwide injunction barring Defendants from displaying, depicting, advertising, marketing, or selling the Halo Board or any substantially similar version thereof online or in any physical location nationwide. ECF No. 50. On January 26, 2017, Defendants filed the Motion to

Stay pending appeal. ECF Nos. 54, 55. Plaintiffs responded on January 27, 2017, and Defendants replied on February 1, 2017. ECF Nos. 56, 57.

### III. LEGAL STANDARD

#### A. Stay

"[W]e must apply the four factors that always guide our discretion to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Standard Havens Products, Inc. v. Gencor Industries, Inc., 897 F.2d 511, 512 (9th Cir. 1990).

"[T]he four stay factors can effectively merge . . . [I]n considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public . . . The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." Id. (internal citations and quotation marks omitted).

#### B. Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 20).

To prove a likelihood of success on the merits in a case alleging patent infringement, the plaintiff "must show that, in light of the presumptions and burdens that will inhere at trial on the merits, (1) it will likely prove that [the Defendants infringe on the Plaintiffs'] patent and (2) its

infringement claim will likely withstand [Defendants'] challenges to the validity and enforceability of the . . . patent." Genentech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997). Raising a "substantial question" as to "validity, enforceability, or infringement" defeats a request for a preliminary injunction based on patent infringement. Id.

The Ninth Circuit has also held that a preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). According to this test, a plaintiff can obtain a preliminary injunction by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35 (citation omitted).

In considering a preliminary injunction alleging patent infringement, the precedent of the Federal Circuit applies to substantive issues within the domain of patent law. See Hybritech Inc. v. Abbott Laboratories, 849 F.2d 1446 (Fed Cir. 1988).

**IV.   DISCUSSION**

Defendants' Motion to Stay presents no new evidence as to the merits. Defendants argue that the Court's January 20 Preliminary Injunction ruling did not articulate which features are function and which are ornamental and relied on biased witness testimony. The Court rejects the Defendants' arguments. The January 20 ruling explicitly analyzed the patent and the alleged infringing product in part under a functional versus ornamental analysis. The Preliminary Injunction ruling noted the additional evidence as to the proper standard—whether the overall design was dictated by function, see Ethicon Endo-Surgery, Inc. v. Covidien, Inc. 796 F.3d 1312, 1328 (Fed. Cir. 2015), and reaffirmed its more detailed findings as to features and functionality in the order granting the Temporary Restraining Order. Additionally, the Court made credibility findings based upon its review of the evidence and observation of live witness testimony.

Defendants make the following argument as to the equities and harm they will face if a stay is not granted: "Defendants are forced to continue the nationwide ban on the accused product, it could begin to exhaust the company's resources and any appeal would be for naught even if Defendants prevailed. So Defendants faces truly irreparable harm by failure of the Court to enter

a limited stay the injunction, as requested above." Defendants further argue that Plaintiffs have not begun sales of their product, so delaying or staying will have no harmful impact. Defendants present no evidence to support their claims as to financial hardship or any other equities not previously reviewed by the Court. In order to grant the preliminary injunction, the Court found that Plaintiffs would suffer irreparable harm absent an injunction, that the balance of the equities tipped in favor of Plaintiff, and that the public interest favored an injunction. Defendants in their Motion to Stay present no new evidence as to these factors or the substantially similar stay factors. Therefore, with no new evidence as to the merits, equities, or public interest, the Court finds no legal basis to grant the motion to stay.

At the hearing Defendants raised for the first time in the litigation the argument that Mr. Bigler's alleged sharing of his design with friends well before the patent application invalidates the subsequent patent. The Court need not consider this argument as it was not previously and properly raised in submissions before the Court. Nonetheless, even if it did, it would not affect the outcome. The Court does not find that the ephemeral testimony of Bigler established that his alleged sharing of the design with friends made the design publicly accessible and rendered the patent invalid. See In re Hall, 781 F.2d 897, 898 (Fed Cir. 1986) (noting that "[b]ecause there are many ways in which a reference may be disseminated to the interested public, public accessibility has been called the touchstone in determining whether a reference constitutes a printed publication bar" under the statute); see also 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless--(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention[.]")

/ / /

/ / /

/ / /

- 4 -

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay is DENIED

**DATED** this 8th day of March, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**