STEPHEN J. ERIGERO (SBN 11562)
TIMOTHY J. LEPORE (SBN 13908)
LAEL D. ANDARA (California SBN 215416)
MARIE E. SOBIESKI (California SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone:     (702) 954-8300
Facsimile:      (650) 780-1701
Email:           stephen.erigero@rmkb.com
                    timothy.lepore@rmkb.com
                    lael.andara@rmkb.com
                    marie.sobieski@rmkb.com

Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD
TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUALIA, LLC, a California limited liability company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>KUSHGO LLC dba HALO BOARD, a California limited liability company; HALO BOARD LLC, an Oregon limited liability company; ARTHUR ANDREASYAN, an individual; and SHENZHEN WINDGOO INTELLIGENT TECHNOLOGY CO. LTD., a foreign company,<br><br>                    Defendants. | CASE NO. 2:16-cv-02851-RFB-CWH<br><br>**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS KUSHGO, LLC, ARTHUR ANDREAYSAN, AND HALO BOARD, LLC'S EMERGENCY MOTION TO QUASH AMENDED DEPOSITION NOTICE AND FOR PROTECTIVE ORDER**<br><br>**[FIRST REQUEST]** |

Plaintiffs Equalia, LLC and Hoverboard Technologies Corporation (collectively "Equalia"), by and through their counsel of record, Ropers Majeski Kohn & Bentley, hereby moves this Court for an extension of time to respond to Defendants' Emergency Motion To Quash Amended Deposition Notice And For Protective Order (ECF No. 77 and 78).

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1    Equalia's Motion for Extension of Time is based on the following Memorandum of Points

2  and Authorities; the pleadings and papers on file herein; the Declaration of Lael D. Andara.,

3  counsel for Equalia; and any oral arguments that this Court will permit at a hearing on the matter.

4

5  Dated: February 23, 2017                    ROPERS, MAJESKI, KOHN & BENTLEY

6

7                                              By: _/s/ Timothy J. Lepore_____
                                                  STEPHEN J. ERIGERO
8                                                 TIMOTHY J. LEPORE
                                                  LAEL D. ANDARA
9                                                 MARIE E. SOBIESKI
                                                  Attorneys for Plaintiffs
10                                                EQUALIA, LLC and HOVERBOARD
                                                  TECHNOLOGIES CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On February 17, 2017, Equalia conducted the deposition of Arthur Andreasyan, a Kusgho officer and employee. During the deposition, Equalia confirmed that Avetik Andreasyan, another crucial Kusgho officer and employee, held pertinent information and knowledge regarding Kushgo's operations in jurisdictions outside of California. That same day, Equalia served on Defendant's counsel a "Notice of Taking Deposition of Avetik Andreasyan" for February 24, 2017, which Equalia later re-noticed for March 7, 2017 to accommodate Avetik's extended absence from this country.

On February 21, 2017, Defendants filed an Emergency Motion to Quash Equalia's Amended Deposition Notice of Avetik Andreasyan. ECF No. 78. In this motion, Defendants falsely argue that Equalia is limited to only deposing Defendants' designated corporate representative about Kusgho's jurisdiction operations, and therefore cannot depose Avetik. Moreover, Defendants now erroneously claim that Avetik is not a Kusgho employee, and that Equalia must incur costly expenses and time to personally serve Avetik as a non-party.

Equalia refutes Defendants position and intend to oppose Defendants' Emergency Motion. Specifically, testimony developed during Arthur's deposition confirms that Avetik is an employee and managing agent for Kusgho, and therefore Equalia can notice his deposition without a subpoena. However, Equalia has been informed that a certified copy of Arthur's deposition transcript is not available to support Equalia's opposition until February 27, 2017. As a result, Equalia moves this Court for an extension to respond to Defendants' Emergency Motion until March 3, 2017, especially because Equalia will suffer prejudice absent this brief extension.

## II.   SUMMARY OF PERTINENT FACTS

Since February 2, 2017, Equalia informed Defendants that it intended to depose Avetik Andreasyan because Equalia believed Avetik would have relevant information to jurisdictional issues based on his representations to Equalia at the Consumer Electronics Show ("CES") in Las Vegas, Nevada. Andara Decl., ¶¶3-7, Ex. A-C. Specifically, at CES Avetik introduced himself to Equalia's officers and agents as a partner with Arthur Andreasyan in Kushgo and held himself out

PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO DEFENDANTS' EMERGENCY MOTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1  as a Kusgho officer to the public. Andara Decl., ¶¶3-5, Ex. B-C. Based on these representations,

2  Equalia intended to depose Avetik pursuant to Federal Rules of Civil Procedure, Rule 30(a)(1) as

3  a Kusgho managing agent and officer with factual knowledge about Kushgo's jurisdictional

4  operations. Andara Decl., ¶7.

5        Notwithstanding this simple request, Defendants made specious arguments to obstruct

6  Equalia's right underneath this Court's Discovery Plan and Scheduling Order to conduct basic

7  jurisdictional discovery. ECF No. 66. Exemplary of this obstruction is Defendants' arguments

8  that Equalia is only limited to depose a corporate representative of Defendants, and therefore

9  cannot conduct further depositions of individuals who likely have jurisdictional information

10  regarding Kusgho's operations. ECF No. 78, 3:1-4. Moreover, Defendants erroneously now claim

11  Avetik is not a Kusgho employee, and that Equalia must incur costly expenses and time to

12  personally serve Avetik as a non-party. ECF No. 2:22-3:1; Andara Decl., ¶7, 3:7-8. But this is

13  nothing more than an apparent attempt by Defendants to avoid Avetik providing pertinent

14  jurisdictional testimony.

15        For example, on February 6, 2017, the parties conducted a meet and confer to resolve this

16  issue (among others) informally before noticing Avetik's deposition. Andara Decl. ¶7. At this

17  meet and confer, Equalia's counsel made it specifically clear to Defendants' counsel that Equalia

18  wanted to notice Avetik's deposition as a Kushgo managing agent with pertinent jurisdictional

19  information. Andara Decl., ¶7, 3:5-6. Despite not making any factual inquiry into Avetik's

20  employment relationship with Kusgho, Defendants' counsel represented Avetik was a non-party

21  and Equalia needed to personally serve him. Andara Decl., ¶7, 3:7-8. Moreover, Defendants'

22  counsel bluntly stated Kushgo was not going to consent to the depositions of Arthur's family

23  members regardless of whether they were employees or not. Andara Decl., ¶7, 4:20-21. Instead,

24  Defendants' counsel informed that Equalia would have to move to compel Avetik's deposition.

25  Andara Decl., ¶7, 5:10-17.

26        Thereafter, on February 17, 2017, Equalia took the deposition of Arthur. Andara Decl., ¶8.

27  During this deposition, Arthur testified that Avetik: (1) was one of two primary employees for

28  Kushgo; (2) met with the manufacture of the infringing product that spawned this litigation; (3)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO DEFENDANTS' EMERGENCY MOTION

was the primary person to communicate with the manufacturer over the last year; (4) worked at

the Kushgo facility; (5) appeared on multiple social media postings and videos, (6) and was listed

by Kushgo as the Chief Operating Officer at the recent CES show that Avetik had attended as an

exhibitor for Kushgo. Andara Decl., ¶¶9-11. Based on Arthur's testimony, that same day Equalia

served on Defendants' counsel a Notice of Taking Deposition of Avetik Andreasyan because it

was clear Kushgo employed Avetik and he was a managing agent. Andara Decl., ¶¶12-14, Ex. F.

## III.   ARGUMENT

### A.   THIS COURT SHOULD EXTEND THE DATE FOR EQUALIA TO RESPOND TO DEFENDANTS' EMERGENCY MOTION BECAUSE ARTHUR'S TESTIMONY IS PERTINENT TO DECIDING THIS MOTION.

When Rule 30 was amended in 1970 to place a duty on a corporation to designate the

person with the most knowledge of the subject area to be examined on the corporation, *it did not*

*preclude a party from requesting to depose a specific officer or agent of a corporation. United*

*States v. One Parcel of Real Estate at 5860 N. Bay Rd., Miami Beach, Fla*., 121 F.R.D. 439, 440

(S.D. Fla. 1988); *Cadent Ltd. v. 3M Unitek Corp*., 232 F.R.D. 625, 628 (C.D. Cal. 2005). As the

advisory committee notes to the 1970 amendment state, "if the examining party believes that

certain officials who have not testified pursuant to this subdivision have added information, he [or

she] may depose them." Fed. R. Civ. P. 30 (1970 Advisory Committee Notes). Thus, a party

wishing to depose a "specific officer or agent of a corporation may still obtain it and is not

required to allow the corporation to decide for itself whose testimony the other party may have."

*One Parcel of Real Estate at 5860 N. Bay Rd., Miami Beach, Fla*., 121 F.R.D. at 440.

Here, Defendants have moved to quash Equalia's deposition notice for Avetik because he

allegedly is a non-party to this action. But despite this unsubstantiated claim, at Arthur's

deposition on February 17, 2017, Arthur testified to numerous facts that demonstrate Avetik is

not only a Kushgo employee, but a managing agent and officer with jurisdictional information.

As such, a certified copy of Arthur's deposition transcript is pertinent to Equalia's opposition to

Defendants' Emergency Motion. But Equalia has been informed that a certified copy of Arthur's

deposition transcript is not available to support Equalia's opposition until February 27, 2017.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1  Andara Decl. ¶29. Consequently, good cause exists under Local Rule IA-6-1 for this Court to

2  extend the date for Equalia to file its opposition to Kushgo's Emergency Motion until after it

3  receives a certified transcript of Arthur's deposition.

**B.   THIS COURT SHOULD EXTEND THE DATE FOR EQUALIA TO RESPOND TO DEFENDANTS' EMERGENCY MOTION BECAUSE EQUALIA WILL SUFFER PREJUDICE.**

6  Under Local Rule 7-4, it is the policy of this Court to discourage the use of emergency

7  motions. *See* L.R. 7-4(b) ("Emergency motions should be rare."). This is because the filing of

8  emergency motions creates numerous problems for the opposing party and the court resolving them.

9  *Painter v. Atwood*, No. 2:12-CV-01215-JCM, 2014 WL 6871750, at *1 (D. Nev. Nov. 25, 2014). As

10 such, a Court retains the discretion to deny any matter submitted as an "'emergency' motion when, in

11 fact, there is no emergency. *Id*.

12 Here, Defendants' insistence to resort to filing emergency motions consistently when no

13 emergency is present has created numerous issues for Equalia that will cause prejudice if an

14 extension is not granted. First, there was absolutely no emergency facing Defendants to justify

15 them filing their motion on an emergency basis. Equalia has noticed Avetik's deposition for

16 March 7, 2017. Therefore, Defendants had until March 7, 2017 to file any motion for a protective

17 order, which would have precluded Equalia from conducting the deposition until this Court

18 rendered an order on that motion. Moreover, if Defendants had regularly noticed their Emergency

19 Motion, Equalia's response would not have been due until March 7, 2017. L.R. 7-2(b). Thus, a

20 regularly noticed motion would also have provided Equalia sufficient time to obtain Arthur's

21 deposition transcript. Additionally, Defendants' motion would have been fully briefed before this

22 Court by March 14, 2017, creating no procedural issues because jurisdictional discovery does not

23 conclude until April 13, 2017.  The parties therefore would still have had a full month to conduct

24 Avetik's deposition after March 14, 2017. ECF No. 66, 3:11-15. As a result, there was absolutely

25 no emergency to cause Defendants to file another baseless Emergency Motion.

26 Secondly, Defendants' Emergency Motion prejudices Equalia from presenting vital

27 evidence to this Court to resolve this dispute. As explained in great detail above, Arthur's

28 testimony at his deposition is pertinent to resolving the issue before the Court. Therefore,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' EMERGENCY MOTION

Defendants' Emergency Motion forces Equalia to oppose their motion without this transcript and any time to brief this Court on these issues. This results in Equalia sustaining undue prejudice that is not warranted or curable. Simply stated, Defendants' Emergency Motion is nothing more than an ill-conceived attempt to cause this Court to resolve this dispute without Equalia introducing evidence against their position. This tactic is strongly disfavored, as this district has a policy to hear disputes on the merits and prevent a decision by ambush. *See Silver State Broad., LLC v. Beasley FM Acquisition*, No. 211CV01789APGCWH, 2016 WL 320110, at *4 (D. Nev. Jan. 25, 2016); *see also Shakespear v. Wal-Mart Stores, Inc*., No. 2:12-CV-01064-MMD, 2013 WL 6498898, at *4 (D. Nev. Dec. 10, 2013). Therefore, this Court should extend the date for Equalia to respond to Defendants' Emergency Motion until March 3, 2017 to avoid Equalia sustaining undue prejudice.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, Equalia respectfully request this Court to extend the date for Equalia to respond to Defendants' Emergency Motion until March 3, 2017.

Dated: February 23, 2017                    ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Timothy J. Lepore*
    STEPHEN J. ERIGERO
    TIMOTHY J. LEPORE
    LAEL D. ANDARA
    MARIE E. SOBIESKI
    Attorneys for Plaintiffs
    EQUALIA, LLC and HOVERBOARD
    TECHNOLOGIES CORPORATION

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge
DATED this 13th day of March, 2017.

PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO DEFENDANTS' EMERGENCY MOTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

**CERTIFICATE OF SERVICE**

In accordance with Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on the 23rd day of February 2017, a copy of **PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS KUSHGO, LLC, ARTHUR ANDREAYSAN, AND HALO BOARD, LLC'S EMERGENCY MOTION TO QUASH AMENDED DEPOSITION NOTICE AND FOR PROTECTIVE ORDER**, was served on all CM/ECF registered parties by filing and serving the same using the CM/ECF filing system.

_/s/ Timothy J. Lepore_
_____

TIMOTHY J. LEPORE
An employee of Ropers Majeski Kohn
& Bentley, P.C.

PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO DEFENDANTS' EMERGENCY MOTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1   STEPHEN J. ERIGERO (SBN 11562)
2   TIMOTHY J. LEPORE (SBN 13908)
    LAEL D. ANDARA (California SBN 215416)
    MARIE E. SOBIESKI (California SBN 278008)
3   ROPERS, MAJESKI, KOHN & BENTLEY
    3753 Howard Hughes Pkwy., Suite 200
4   Las Vegas, NV 89169
    Telephone:   (702) 954-8300
5   Facsimile:   (650) 780-1701
    Email:       stephen.erigero@rmkb.com
6                timothy.lepore@rmkb.com
                 lael.andara@rmkb.com
7                marie.sobieski@rmkb.com

8   Attorneys for Plaintiffs
    EQUALIA, LLC and HOVERBOARD
9   TECHNOLOGIES CORPORATION

10                  UNITED STATES DISTRICT COURT

11                      DISTRICT OF NEVADA

12

13  EQUALIA, LLC, a California limited          CASE NO. 2:16-cv-02851-RFB-CWH
    liability company, and HOVERBOARD
14  TECHNOLOGIES CORPORATION, a                 **DECLARATION OF LAEL D. ANDARA IN**
    California corporation,                     **SUPPORT OF PLAINTIFFS' MOTION**
15                                              **FOR EXTENSION OF TIME TO**
                                                **RESPOND TO DEFENDANTS KUSHGO,**
16              Plaintiffs,                      **LLC, ARTHUR ANDREAYSAN, AND**
                                                **HALO BOARD, LLC'S EMERGENCY**
17  v.                                          **MOTION TO QUASH AMENDED**
                                                **DEPOSITION NOTICE AND FOR**
18  KUSHGO LLC dba HALO BOARD, a                **PROTECTIVE ORDER**
    California limited liability company;
19  HALO BOARD LLC, an Oregon limited
    liability company; ARTHUR
20  ANDREASYAN, an individual; and
    SHENZHEN WINDGOO INTELLIGENT
21  TECHNOLOGY CO. LTD., a foreign
    company,
22
                Defendants.
23

24

25         I, Lael D. Andara, hereby declare as follows:

26         1.      I am a partner in the law firm of Ropers Majeski Kohn & Bentley, counsel for

27  Equalia LLC and Hoverboard Technologies Corporation (collectively, "Equalia") in this action.  I

28  am a member in good standing of the California State Bar, New York State Bar, the District of

Columbia, and this Court. I have personal knowledge of the facts stated here and am familiar with the documents referred to below.

2.       If called as a witness, I would competently testify to the following facts, all of which are within my own personal knowledge.

3.       Contrary to Defendants unsubstantiated and false assertion at ECF 72 at 3:18-19, beginning on **February 2, 2017** at 8:41 a.m., I notified defense counsel of our intent to depose Avetik Andreasyan who had met with Robert Bigler at CES and presented himself as a partner in Kushgo with Arthur Andreasyan.

4.       Attached hereto as **Exhibit A** is a true and correct copy of the email exchange between myself and defense counsel on February 2, 2017.

5.       I observed Avetik Andreasyan attending the CES tradeshow as an exhibitor for Halo Board over several days. Attached hereto as **Exhibit B** is a true and correct copy of a picture I took of the Haloboard booth where you can see Arthur and Avetik Andreasyan exhibiting under the Halo board banner.

6.       Attached hereto as **Exhibit C** is a true and correct copy of a print out from the CES website that was posted by CES using information Kushgo provided that stated that Avetik Andreasyan was the Chief Operating Officer of Kushgo and listed his email as "purchasing@haloboard.com," which was marked as Exhibit 1 to the deposition of Arthur Andreasyan.

7.       On **February 6, 2017**, a meet and confer was conducted. That meet and confer was recorded, at the defendants' request, and relevant excepts as to Equalia's request to depose Avetik are provided and consistent with my recollection of the call:

> Steve Rinehart: *I don't know – I don't if he's being W2ed or 1099ed. I think he is getting compensation from the company.*
>
> Lael Andara:  *Okay, but you asserted he is not related to this case and we needed to subpoena him – so I'm assuming you would have done some investigation before making that statement.*
>
> Steve Rinehart: *We have the right to designate a corporate representative who is going to*

DECLARATION OF LAEL D. ANDARA IN SUPPORT
OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1      *be deposed.*

2    *Lael Andara:*  *We are not noticing a deposition of a corporate representative. We are*

3              *noticing a deposition of an individual – which we have the right to do.*

4    *Steve Rinehart:*  *You are noticing a deposition of a non-party. If it's an individual, he will*

5              *need to be served as any non-party would have to be.*

6    *Lael Andara:*  **Okay, so I want to be very clear here: you are not going to make an**

7              **employee of the company available for deposition that we specifically**

8              **identified***.*

9    *Steve Rinehart:*  *I hadn't told you that he's an employee though.*

10   *Lael Andara:*  *Well, but you don't know. So unless you can represent he's not an*

11             *employee – I want to be clear on this because we are going to move to the*

12             *court for… to compel the deposition for sanctions because you are not*

13             *doing any investigation.* **You are shooting from the hip and making**

14             **representations you don't even know to be true.**

15   *Steve Rinehart:*  *Okay. You go ahead and do that.*

16                        *---BREAK---*

17   *Lael Andara:*  *Okay. So again, I think the court's already ruled on the fact that there's not*

18             *going to be a…. If we were deposing a witness who had no testimony*

19             *relating to jurisdictional – the court may say, yes you need to wait until*

20             *after the April deadline. But,* **for example, with Arthur's brother, he is**

21             **involved with the marketing and the operations of the business – he's**

22             **going to know who made the purchases and to the extent that there is**

23             **activity in Nevada. And furthermore, he was in Nevada when my clients**

24             **talked with him.**  *So he absolutely has information related to jurisdictional*

25             *discovery – he was in Nevada – so he's going to know who he talked to in*

26             *Nevada, you know what potential transactions occurred in Nevada.*

27   *Steve Rinehart:*  *Okay, it sounds to me like you are on a fishing expedition. You're trying –*

28             *I think what you are trying to do is harass Arthur by trying to threaten his*

DECLARATION OF LAEL D. ANDARA IN SUPPORT
OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1     *family members. I'm going to make sure the court….*

2     Lael Andara:   **We are not deposing a family member. We are deposing somebody that**

3           **was at CES that represented to be a member of the company, an**

4           **employee, which you are not aware of – that's who we are deposing.** *The*

5           *distinction that he's the brother of Arthur is completely peripheral – we*

6           *don't care.* **If you are telling me and you can represent on the record that**

7           **he's not an employee or an officer of the company, then we will withdraw**

8           **the notice. But you have not done that.** *We are not deposing him for the*

9           *simple fact that he's the brother of the named defendant.*

10    Steve Rinehart: *You haven't sent over the notice. You identified him as his brother in the*

11          *email that you sent me and I do not know if he's an employee. I have no*

12          *notice from you about it but I do know that the designated corporate*

13          *representative for Kushgo is Arthur Andreasyan and he's also a party. We*

14          *don't have any objection to you deposing him during jurisdictional*

15          *discovery.* **But we are not going to consent to deposition of his family**

16          **members regardless of whether they are employees or not.**

17                    ---BREAK---

18    Lael Andara:   *Well, is not resolution but I will agree that we won't move forward on a*

19          *motion to compel for the site inspection until after the April jurisdictional*

20          *thing passes. I mean listen, the fact of the matter is that it is pretty clear*

21          *that the PJ motion is not going to be successful but we are still being*

22          *required to run through the chutes and ladders on that. And so putting this*

23          *off seems short of artificial given that fact, and given the fact that your*

24          *client said on the stand that he was selling product in Nevada. But, you*

25          *know, again I do think you are going to need to move for protective order,*

26          *because –* **and again can you please tell us the name of Arthur's brother?**

27    Steve Rinehart:      *I honestly don't have it memorized. I don't know what it is.*

28    Lael Andara:       *Do you know what his title is at the company?*

- 4 -          DECLARATION OF LAEL D. ANDARA IN SUPPORT
              OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

| | | |
|---|---|---|
| 1 | Steve Rinehart: | **He doesn't have a title at the company.** |
| 2 | Lael Andara: | Okay. |
| 3 | Steve Rinehart: | And, and…. I mean, I can try to get you some information about it – |
| 4 | | **but we are not going to consent to you deposing Arthur's brother – you** |
| 5 | | **are going to have to move for a motion to compel on that if you feel like** |
| 6 | | **you need to.** We will respond aggressively to the motion to compel that you |
| 7 | | file and we will seek attorney's fees. It's frivolous, I think it's unnecessary |
| 8 | | – but I know you disagree. This is a discovery dispute that if you insist on |
| 9 | | we are going to have to put this one to court because we're are not going |
| 10 | | to consent. |

11 Lael Andara:  I'll make you a **comprise offer** on the brother's deposition.

12 Steve Rinehart: Okay.

| | | |
|---|---|---|
| 13 | Lael Andara: | If you will make Arthur available for deposition in Northern California |
| 14 | | like we previously discussed, then you are taking away my argument for |
| 15 | | why we need to conduct both depositions in Southern California. |
| 16 | Steve Rinehart: | The compromise position that perhaps we can reach is meeting in |
| 17 | | Central California. |
| 18 | Lael Andara: | Well, but counsel – that's a distinction without a difference because **my** |
| 19 | | **client is still paying for travel, I'm still making travel.** I mean, candidly, |
| 20 | | the difference between LAX and Central California is no different. I mean |
| 21 | | if we were talking Denver to DC that would be a difference, but not when |
| 22 | | you are talking California when the flight is only an hour itself. I mean, |
| 23 | | that's not going to be an appreciable difference. |

24    8.    On **February 17, 2017**, I took the deposition of Arthur Andreasyan as to

25 jurisdictional and fact discovery issues in this case.  This deposition was continued as the witness

26 indicated to substantially all of the responses that he would have to review documents before he

27 would answer.

28    9.    My recollection of the testimony of Arthur Andreasyan is that Avetik is one of two

DECLARATION OF LAEL D. ANDARA IN SUPPORT
OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1  primary employees of Kushgo who has a total staff of six individuals.

2      10.   My recollection of the testimony of Arthur Andreasyan, is that Avetik and Arthur

3  met with the manufacturer for dinner in Studio City California.

4      11.   In the morning session of the **February 17, 2007** deposition, I asked to speak with

5  opposing counsel in the hall because of Arthur Andreasyan's testimony of the continuous and

6  extensive work Avetik Andreasyan has performed for Kushgo.  I began the conversation by

7  asking if he would make Avetik available for deposition, to which opposing counsel looked

8  stunned. I then reiterated that I had just heard his client admit that Avetik was the only one who

9  met with the manufacturer of the accused product in China, was the primary person to

10  communicate with the manufacturer over the last year, did work at the Kushgo facility, appeared

11  on multiple social media postings and videos, and was listed by Kushgo as the Chief operating

12  Officer at the recent CES show that Avetik had attended as an exhibitor for Kushgo. Counsel then

13  indicated he would have to think about it, to which I reminded him that we had requested to

14  conduct Avetik and Arthurs' deposition on February 2, 2017 at the same time based on their role

15  as "partners" in Kushgo.

16      12.   At the lunch break, I directed my associate to prepare a notice of deposition for

17  Avetik Andreasyan based on the deposition testimony of Arthur Andreasyan. We had previously

18  prepared a subpoena for his testimony as a non-employee. Attached hereto as **Exhibit D** is a true

19  and correct copy of the email sent at 1:18 p.m. PST that I directed my associate to serve on

20  counsel for Kushgo LLC, attaching the Notice of Deposition under Federal Rules of Civil

21  Procedure 30 (b)(1) for Avetik Andreasyan.

22      13.   Equalia did not notice the deposition of Avetik Andreasyan under Federal Rules of

23  Civil Procedure 30 (b)(6) as defendants imply at ECF 72 3:19-20 and ECF 78 3:2-6.

24      14.   Contrary to Defendants false assertion at ECF 72 1:23-25; 2:5-6 and 3:6-10,

25  Equalia had not even drafted the notice of Deposition for Avetik Andreasyan until after I had

26  heard substantiating testimony of Arthur Andreasyan that Kushgo had control and was employing

27  Avetik.  This was also after I had met and conferred with counsel in the hall.

28      15.   At some point during the deposition and I believe on the record defense counsel

- 6 -

DECLARATION OF LAEL D. ANDARA IN SUPPORT
OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1    Mr. Rinehart had invited us to send over a notice of Deposition for Avetik Andreasyan, but I

2    cannot recall if that was before or after the lunch break. The statement will be in the transcript of

3    the deposition.

4        16.    My motivation in seeking the deposition notice of Avetik Andreasyan has been

5    objectively stated from the beginning  (see Exhibit A) based on his involvement with Kushgo as a

6    partner, which he represented to Equalia while in Nevada, *and* his continuous and substantial

7    activity for Kushgo outside of California performed for Kushgo as demonstrated by the testimony

8    of Arthur Andreasyan. These facts provide a good faith basis for my belief that Avetik may have

9    had contacts in Nevada on behalf of Kushgo beyond simply attending CES.

10       17.    I have requested an expedited copy of the deposition of Arthur Andreasyan and

11   was informed we will receive it on **February 27, 2017**.

12       I declare under penalty of perjury that the foregoing is true and correct.  Executed on

13   February 23, 2017, in Redwood City, California.

14

15        _/s/ Lael D. Andara__
          LAEL D. ANDARA

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

- 7 -

DECLARATION OF LAEL D. ANDARA IN SUPPORT
OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME

**INDEX OF EXHIBITS ATTACHED TO DECLARATION OF LAEL ANDARA
IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

| EXHIBIT | DESCRIPTION |
|---|---|
| **EXHIBIT A** | Email correspondence from Lael Andara to Defendants' counsel, Steven Rinehart, dated February 2, 2017 informing of Equalia's intent to depose Avetik Andreasyan. |
| **EXHIBIT B** | Copy of a picture that Lael Andara took of the Haloboard booth at CES, which depicts Arthur and Avetik Andreasyan exhibiting under the Haloboard banner. |
| **EXHIBIT C** | Copy of a print out from the CES website containing information that Kushgo provided, which stated that Avetik Andreasyan was the Chief Operating Officer of Kushgo and listed his email as "purchasing@haloboard.com" |
| **EXHIBIT D** | Email correspondence from Marie Sobieski sent at 1:18 p.m. PST and dated February 17, 2017 to Defendants' counsel, Steven Rinehart, that attached the Notice of Deposition of Avetik Andreasyan under Federal Rules of Civil Procedure 30(b)(1). |

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

# EXHIBIT A – EMAIL DATED 2.2.17

| From: | Andara, Lael D. |
| --- | --- |
| To: | "Steven Rinehart"; phil@philrinehart.com |
| Cc: | Sobieski, Marie E.; Riedell, Roxana; Lepore,Timothy J. |
| Subject: | RE: Depositions |
| Date: | Thursday, February 02, 2017 8:41:25 AM |

Counsel,

**INSPECTION**

Pursuant to FRCP 34 (a)(2)  we will be sending over a site inspection notice for February 15th so that we can inspect, photograph, and document the current inventory of enjoined products at your clients facility in Los Angeles. I anticipate that will take an hour or so. Please confirm the address were the devices are currently maintained.

**DEPOSITION**

In addition we will also be sending over a deposition notice for Arthur's brother based on the his role with the company as described to the Biglers at CES. We believe this testimony will be relevant to jurisdictional issues and also we want to conduct these depositions all at the same time since we are all traveling. FRCP 1

Please advise by end of Business February 3, 2017 so we can send out the notices accordingly.

Regards,

**Lael D. Andara**
**Ropers Majeski Kohn & Bentley PC**
Partner

☎ Office: (650) 364-8200 ☎ Direct: (650) 780-1714

🖨 Fax: (650) 780-1701 ✉ Email: lael.andara@rmkb.com • Web Site: www.rmkb.com • My Profile



**San Francisco • Redwood City • San Jose • Los Angeles • New York • Boston**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment). CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

**Exhibit A - Page 1 of 1**

# EXHIBIT B – PHOTO AT CES



Exhibit B - Page 1 of 1

# EXHIBIT C
# CES EXHIBIT DIRECTORY FOR KUSHGO

 Consumer Technology Association    JANUARY 5-8, 2017 | LAS VEGAS, NEVADA          MENU

Home    Exhibitors by Alpha    Halo Board

## ABOUT HALO BOARD

Makers of the world's most advanced electric skateboard - Halo Board strives to create the future of board sports and fun transportation, constantly aiming to build the highest quality electric skateboards and hoverboards.

**∨ Product Categories (4)**

- E-commerce
- Fitness and Sports
- Other Consumer Technology
- Vehicle Technologies

**∨ Company Contacts (2)**

- Arthur Andreasyan (CMO)
  Marketing@HaloBoard.com
- Avetik Andreasyan (COO)
  Purchasing@HaloBoard.com

**❯ Export Guide Information**



EXHIBIT 1
Andreasyan
2/17/17

**Exhibit C - Page 1 of 1**

# EXHIBIT D – EMAIL DATED 2.17.17

| | |
|---|---|
| **From:** | Sobieski, Marie E. |
| **To:** | Steven Rinehart; phil@philrinehart.com |
| **Cc:** | Andara, Lael D.; Riedell, Roxana |
| **Subject:** | Equalia v. Kushgo, et al. - NOD Avetik Andreasyan |
| **Date:** | Friday, February 17, 2017 1:18:26 PM |
| **Attachments:** | NOD Avetik Andreasyan.pdf |

Counsel,

Please find attached the Notice of Deposition of Avetik Andreasyan.

Sincerely,
**Marie Sobieski**
**Ropers Majeski Kohn & Bentley PC**
Associate
1001 Marshall Street, Suite 500 • Redwood City • CA • 94063-2052
Office: (650) 364-8200
marie.sobieski@rmkb.com



**Exhibit D – Page 1 of 1**